# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHAUNCY ANDERSON, *et al.*,<br><br>　　　　Defendants. | Case No.: 2:13-CR-00361-KJD-GWF<br><br>**ORDER** |

Presently before the Court is Alia Bober's ("Defendant") Motion to Dismiss Counts One and Two of the Indictment (#67). The Government filed a response in opposition (#70), to which Defendant has replied (#76). Co-defendants have also filed a Motion for Joinder to Defendant's Motion to Dismiss (#69) and Motions for Joinder to Defendant's reply to response (#77, #78).

I. Background

Federal statute 21 U.S.C. § 811 grants the DEA Administrator ("Administrator") the power to schedule controlled substances on both a permanent and a temporary basis.[1] Congress granted the power to schedule on a temporary basis so long as there was an "imminent hazard to public safety[.]"

---

[1] The statute originally gave the power to the Attorney General to make this decision. However, in 1973, the Attorney General sub-delegated his power to schedule controlled substances to the DEA administrator. See 28 C.F.R. §0.100(b) (2011).

21 U.S.C. §811(h). In October 2011, the Administrator published a temporary placement of three substances, one of which is 3,4–methylenedioxy–N– methylcathinone ("methylone"), which is the sole substance at issue here, to the schedule I controlled substances list. Schedules of Controlled Substances: Temporary Placement of Three Synthetic Cathinones Into Schedule I, 76 Fed. Reg., 65,371–375 (October 11, 2011) (to be codified at 21 C.F.R. pt. 1308). To support her decision, the Administrator considered the substance's history and current pattern of abuse; the scope, duration, and significance of abuse; and the risk to the public health. She also considered three sub-criteria: actual abuse, diversion from legitimate channels, and clandestine importation, manufacture, or distribution. Id. at 65,372–74. The Administrator filed a permanent order in April 2013.

Defendant allegedly shipped methylone to Las Vegas in November 2012, December 2012, and February 2013 (#70 at 1–2). In September 2013, the United States Attorney for the District of Nevada filed a three count indictment against Defendant (#26). Count One alleges, among other things, that "Defendant [. . .] did knowingly and intentionally combine, conspire, and agree to manufacture and possess, with intent to distribute, [. . .] a controlled substance analogue as defined in 21 U.S.C. § 802(32)" (#26 at 2). Count Two alleges, among other things, that "Defendant [. . .] did knowingly and intentionally posses with the intent to manufacture and distribute a mixture and substance containing a detectable amount of methylone" (#26 at 2–3). Count Three is not at issue in the present motion.

II. Legal Standards

    A. Pre-trial Motion to Dismiss

The Federal Rules of Criminal Procedure provide an opportunity for defendants to challenge the Government's indictment before trial. Rule 12(b)(2) provides that "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." A pre-trial motion to dismiss an indictment cannot be brought to challenge the merits of the case and cannot be used as a device for a summary trial of the evidence. United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996). Further, when reviewing a pre-trial motion to dismiss, the court

accepts the Government's allegations as true. United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002).

B. Intelligible Principle

When reviewing a challenge to administrative action, the court must first determine whether the statute that delegates power to the agency contains an intelligible principle. Mistretta v. United States, 488 U.S. 361, 372 (1989). If the statute contains an intelligible principle, the final inquiry is whether the administrative agency has properly followed the statute or impermissibly acted in an arbitrary and capricious manner. Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). The Supreme Court instituted the intelligible principle test to determine whether a delegation of legislative power to an administrative agency was proper. Mistretta, 488 U.S. at 372. So long as Congress gives "an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform, such legislative action is not a forbidden delegation of legislative power." Mistretta, 488 U.S. at 372 (quoting Hampton v. United States, 276 U.S. 394, 409 (1928). Congress' delegation is not improper merely by legislating in broad terms, or by leaving a degree of discretion to executive or judicial actors. Touby v. United States, 500 U.S. 160, 165 (1991). The Supreme Court has specifically held that the language "imminent hazard to the public safety" in the C.F.R. allowing temporary scheduling of substances provides an intelligible principle, even if the statute results in criminal penalties. Touby v. United States, 500 U.S. 160, 165–66 (1991).

If the statute contains an intelligible principle, the court must then determine whether the agency has properly followed the statute. State Farm, 463 U.S. at 43. An agency violates the statute by acting in an arbitrary and capricious manner. Id. The scope of review is narrow, meaning that the court should not substitute its judgment for that of the agency. Id. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action. Id. An agency's action is arbitrary and capricious if the agency: (1) has relied on factors which Congress has not intended it to consider; or (2) entirely failed to consider an important aspect of the problem; or (3)

3

1  offered an explanation for its decision that runs counter to the evidence before the agency; or (4) is so
2  implausible that it could not be ascribed to a difference in view or the product of agency expertise.
3  Id.

4      C. Temporary Listing of a Controlled Substance

5      21 U.S.C. § 811 grants the Administrator the authority to classify certain substances as a
6  controlled substance, depending upon eight factors. Section 811(h) grants the Administrator the
7  authority to temporarily classify a substance as a schedule I substance to avoid an imminent hazard to
8  the public safety.

9      To temporarily schedule a drug under section 811(h), the Administrator must consider only
10 three of eight factors required for permanent scheduling. Specifically, the Administrator must
11 consider the substance's: "history and current pattern of abuse," the "scope, duration, and
12 significance of abuse," and the "risk [. . .] to the public health." 21 U.S.C. § 811 (c)(4)–(6). When
13 considering these criteria, the Administrator should also consider actual abuse, diversion from
14 legitimate channels, and clandestine importation, manufacture, or distribution. 21 U.S.C. §
15 811(h)(3). After these factors have been considered, the Administrator transmits her temporary
16 listing to the Secretary of the Department of Health and Human Services. 21 U.S.C. § 811(h)(4). If
17 the Secretary responds, the Administrator must take the comments into consideration. Further, the
18 Administrator must publish a thirty day notice of proposed scheduling in the Federal Register. 21
19 U.S.C. § 811(h)(1). After the thirty days have elapsed, the substance becomes a schedule I controlled
20 substance for two years, or until the substance is permanently scheduled. 21 U.S.C. § 811(h)(2).

21     D. Statutory Vagueness

22     A statute is valid and not vague when the statute (1) provides adequate notice of the
23 proscribed conduct and (2) does not lend itself to arbitrary enforcement. Kolender v. Lawson, 461
24 U.S. 352, 357 (1983). Since this is not a First Amendment case, the vagueness challenge "must be
25 examined in light of the facts of the case at hand." United States v. Mazurie, 419 U.S. 544, 550
26

(1975). The court begins with the presumption that the statute is clear. See United States v. National Dairy Products Corp., 372 U.S. 29, 32 (1963).

"Congress has provided that proper publication in the Federal Register shall act as constructive notice to all of those affected by the regulation in question." United States v. Wilhoit, 920 F.2d 9, 10 (9th Cir. 1990) (citation omitted). Even if the regulation involves a criminal penalty, such a penalty does not render a notice printed in the Federal Register any less adequate. Id.; see also Flannagan v. United States, 142 F.2d 740 (9th Cir. 1944) (holding that an individual received adequate notice of his criminal conduct through a publication in the Federal Register).

III. Discussion

As a threshold question, this Court addresses whether this type of a pre-trial motion to dismiss is proper. Federal Rule of Criminal Procedure 12(b)(2) provides that "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." The motion to dismiss argues two points, both of which attack the law underlying the indictment and do not engage in a trial of the facts of the general issue (#67 at 11). The Government argues that this motion should be foreclosed because the indictment is sufficient on its face and the Defendant cannot attack the sufficiency of the evidence of the indictment (#70 at 4). While the Government is accurate that such a motion would be improper, this mis-characterizes the underlying motion before the Court. Defendant argues that the law is invalid; such an issue can be resolved without a trial of the facts. Therefore, this question is appropriately before the Court. United States v. Weitzenhoff, 35 F.3d 1275, 1287 (9th Cir. 1993) ("Resolving doubtful questions of law is the distinct and exclusive province of the trial judge.").

A. The Intelligible Principle Test

The Administrator's temporary listing of methylone as a schedule I substance is proper because 21 U.S.C. § 811 contains an intelligible principle and the Administrator properly followed the procedure set out in 21 U.S.C. § 811(h) in creating the temporary scheduling order. Defendant concedes that the Supreme Court in Touby, held that an "imminent hazard to the public safety" was

an intelligible principle in allowing the Administrator to temporarily schedule substances. 500 U.S. at 165-66; (#67 at 13). However, Defendant correctly notes that the Touby court did not "preclude an individual facing criminal charges from bringing a challenge to a temporary scheduling order as a defense to prosecution." 500 U.S. at 168. Thus, the Court will consider this defense to whether the Administrator correctly followed the demands of 21 U.S.C. § 811(h) in temporarily scheduling methylone as a schedule I controlled substance. It is important to remember that this analysis "is narrow and a court is not to substitute its judgment for that of the agency." State Farm, 463 U.S. at 43.

The Administrator's temporary listing of methylone as a schedule I substance is proper because the Administrator properly followed the procedure set out in 21 U.S.C. § 811(h). Defendant challenges the temporary listing of methylone as a schedule I substance, arguing that the evidence provided by the Administrator is deficient (#67 at 13). As noted above, such deficiencies are irrelevant unless the agency: (1) has relied on factors which Congress has not intended it to consider; or (2) entirely failed to consider an important aspect of the problem; or (3) offered an explanation for its decision that runs counter to the evidence before the agency; or (4) is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. State Farm, 463 U.S. at 43. Accordingly, Defendant's arguments that the evidence relied on is deficient are unavailing. The sole question before the Court on this point is whether the Administrator considered the required factors.

The temporary scheduling order has addressed each of the required criteria indicated by large headings followed with supporting evidence. Temporary Placement of Three Synthetic Cathinones Into Schedule I, 76 Fed. Reg., at 65,371–375. Under the heading "History and Current Pattern of Abuse", the Administrator described these substances and their original unapproved use as anti-depressants. Id. at 65,372. The administrator further found that these substances are used for their psychoactive properties as a substitute for illicit drugs in the United States. Id. at 65,372–3. The Administrator described the methods used to market these products and notes that many of the ways used to market these products are meant to circumvent the authorities. Id. at 65,372. Further, under

the heading "Scope, Duration, and Significance of Abuse", the Administrator described when these drugs were first reported by law enforcement, the continued abuse of these substances, and described the significant increase in the use of these substances. Id. at 65,373. The Administrator also described how the drug is being imported into the United States via the mail. Id. Last, under the heading "What, if Any, Risk There Is to the Public Health," the Administrator cited clinical case reports, which implicated methylone in drug induced overdose deaths. Id. Further, the Administrator described these substances as sold to the public without appropriate disclosure and often combined with foreign substances that pose significant risks to abusers. Id. Thus, the evidence addresses both the criteria and sub-criteria, indicating that the Administrator has properly considered the applicable criteria before rendering her decision. Id. at 65,371–65,375. At bottom, Defendant's argument amounts to dissatisfaction with the standards imposed by Congress for the temporary scheduling of a substance. For the above reasons, Defendant's argument fails.

### B. Statutory Vagueness

The statute as applied to Defendant is not vague because Defendant was provided with adequate notice that her conduct was prohibited. Arbitrary enforcement is not at issue before the Court and will not be addressed. The question before the Court here is whether there is adequate notice of the proscribed conduct. Kolender, 461 U.S. at 357. Defendant contends that a listing of an obscure substance only published in the Federal Register is insufficient to grant notice (#67 at 18). The Defendant is wrong. "Congress has provided that proper publication in the Federal Register shall act as constructive notice to all of those affected by the regulation in question." Wilhout, 920 F.2d at 10 (citation omitted). Even if the regulation involves a criminal penalty, such a penalty does not render a notice printed in the federal register any less adequate. Id. The temporary scheduling provision was published in the Federal Register in October of 2011, a year before Defendant's alleged criminal actions. 76 Fed. Reg., at 65,371. Defendant had constructive notice that her behavior was prohibited by law. Therefore, the temporary scheduling provision is not vague for lack of notice.

///

IV. Conclusion

      Accordingly, Defendant's Motion to Dismiss (#67) is **HEREBY DENIED**.

      **IT IS FURTHER ORDERED** that co-defendants' Motion for Joinder to Motion to Dismiss (#69) and Motions for Joinder to Defendant's Reply(#77, #78) are **HEREBY DENIED** as moot.

      DATED this 16th day of June 2014.

_____
Kent J. Dawson
United States District Judge

8